**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00467-CV**

_____

**DOLORES FAY BOVIS, Appellant**

**V.**

**VALERIE MANIS AND SUSAN ZINNECKER POOLE, Appellees**

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 14-28329**

**ORDER**

The trial court signed a judgment for possession of real property on October 13, 2014. The judgment requires that appellant, Dolores Fay Bovis, file a bond in the amount of $2100.00 to supersede the judgment. On November 19, 2014, Bovis filed a motion seeking appellate review of the amount of security required to supersede the judgment. *See* Tex. R. App. P. 24.4. In setting the supersedeas bond in a forcible detainer suit, the county court must take into consideration the value of rents likely to accrue during appeal, damages that may occur as the result of the

1

stay during appeal, and other damages or amounts as the court may deem appropriate. Tex. Prop. Code Ann. § 24.007(a) (West 2014). Bovis has not shown that the trial court failed to properly apply section 24.007(a). *See id.* Appellant's motion for reduction of supersedeas bond is denied.

On November 20, 2014, Bovis filed an Emergency Motion to Stay Judgment with a copy of the Judgment of Eviction attached. "A judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. *Id.* Bovis has not demonstrated her timely compliance with the statute. Appellant's motion for emergency stay is denied.

ORDER ENTERED November 20, 2014.

PER CURIAM

Before Kreger, Horton, and Johnson, JJ.